SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 14 2026
ARTHUR JOHNSTON
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS CRIMINAL CASE: 1:26-mj-00657-RPM

MICHELLE FRANCINE EDWARDS

---

ORDER

---

Came on for hearing the Motion to Revoke Pretrial Release and Forfeit Bond [10] filed on August 12, 2026. A hearing was held on August 14, 2026, before the undersigned.

On August 6, 2026, U.S Magistrate Judge Karen L. Litkovitz in the United States District Court for the Southern District of Ohio granted Defendant an Order Setting Conditions of Release under 18 U.S.C. § 3142. Under said Order Defendant agreed "to appear in court as required" and Defendant further promised to "appear in court as required."

Defendant acknowledged receipt of the Order Setting Conditions of Release as reflected by her signature on said order. On August 6, 2026, Defendant was advised in writing about the penalties and sanctions for violating the conditions of release, which she acknowledged. Defendant was advised that violating the conditions of release may result in "a revocation of [Defendant's] release" or "an order of detention."

On August 12, 2026, the United States of America filed a Motion to Revoke Pretrial Release and Forfeit Bond [10]. The United States argued that Defendant violated the terms of her conditions of release by failing to appear in the Southern District of Mississippi on August 12, 2026. On August 13, 2026, Defendant's counsel opposed the Motion.

During the August 14, 2026 hearing, the Court received in evidence the Pretrial Services Report under seal which was admitted without objection into evidence as Exhibit G-1. The Pretrial Services Report revealed among other findings that Defendant represented to the Pretrial Service's Officer that she had been employed for five months; Defendant's partner, however, stated Defendant had been terminated from employment approximately one month before the day of the report. Defendant further represented to the Pretrial Services Officer that she had the means to travel to Mississippi for future court appearances. Defendant's partner "confirmed this information."

The Court further notes that Defendant has extensive criminal history as noted in the Pretrial Services Report including a recent conviction for Obstructing Justice in Hamilton County, Ohio. The Court further notes that Defendant's criminal history indicated probation violations as recently as 2023. The Court further finds that the Pretrial Services Report stated Defendant failed to appear in court on multiple occasions.

The Court's analysis is governed by 18 U.S.C. § 3148 which, in pertinent part, states:

> ...The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> **(1)** finds that there is--
>
> **(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> **(B)** clear and convincing evidence that the person has violated any other condition of release; and
>
> **(2)** finds that--
>
> **(A)** based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> **(B)** the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

The Court finds that the matter was set for an Initial Appearance by Notice of Hearing on August 6, 2026, in the United States District Court for the Southern District of Mississippi. On August 12, 2026, Defendant failed to appear in Court as she had been directed. The Court finds that on August 12, 2026, the matter before this Court was set for an Initial Appearance on the Criminal Complaint.

Two findings are required under 18 U.S.C. § 3148 before entering an order of revocation and detention of a "person who has been released under" 18 U.S.C. § 3142.

Under 18 U.S.C. § 3148(b)(1)(B), the Court finds by clear and convincing evidence that Defendant has violated "any other condition of release." On August 6, 2026, the United States District Court for the Southern District of Ohio entered an Order Setting Conditions of Release and ordered Defendant to appear as directed.

The Court further finds that Defendant represented to the Pretrial Services Officer that she had the means to travel to Mississippi for court appearances. The Court finds by clear and convincing evidence that Defendant failed to appear for an initial appearance on a Criminal Complaint in the Southern District of Mississippi on August 12, 2026, and said failure constitutes a violation of a condition of Defendant's release.

Second, 18 U.S.C. § 3148(b)(2) requires a finding that "based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2). Having weighed the evidence submitted at the hearing and considered the arguments of counsel the undersigned concluded that no condition or combination of conditions of release would assure that Defendant will not flee or pose a danger to the safety of any other person or the community; and Defendant is unlikely to abide by any condition or combination of conditions of release.

The Court finds that based on 18 U.S.C. § 3142(g) that no condition or combination of conditions of release will assure Defendant will not pose a danger to the safety of any other person or the community. The Court finds that Defendant was previously released on conditions of release and provided with certain conditions of release. The Court finds that Defendant was advised on the record and expressly in writing about the conditions of her release and the potential for revocation of the

bond in the event she violated the conditions of release. After being released, Defendant failed to appear for Court.

The Court further bases the decision to revoke Defendant's pretrial release on the aforementioned findings that Defendant represented to the Pretrial Service's Officer that the Defendant had been employed for five months, a representation contradicted by the Defendant's partner. Defendant further represented to the Pretrial Services Officer that she had the means to travel to Mississippi for future court appearances and Defendant's partner "confirmed this information."

The Court further notes that Defendant has extensive criminal history as noted in the Pretrial Services Report including a recent conviction for Obstructing Justice in Hamilton County, Ohio, in 2023. The Court further notes that the Defendant's criminal history indicated probation violations as recently as 2023. The Pretrial Services Report indicates that the Defendant has failed to appear for court appearance on multiple occasions.

Finally, the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release. The Court finds that Defendant was given conditions of release in the United States District Court for the Southern District of Ohio. The Court finds the conditions of release included conditions that Defendant would be required to appear in court as directed. Defendant was aware that she would be set for future hearings in the Southern District of Mississippi. Despite the express conditions of pretrial release and Defendant's representations to the Court in Ohio, the Defendant failed to appear as directed. The Court finds that Defendant is

unlikely to abide by any condition or combination of conditions of release, the goal of which would be to secure her appearance in Court.

IT IS THEREFORE ORDERED that Defendant's release be revoked and that she be remanded to the custody of the U.S. Marshals Service for detention pending further order of the Court.

SO ORDERED, the 14th day of August, 2026.

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE